United States District Court
Southern District of Texas
**ENTERED**
December 18, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE EARL CROWDER, TDCJ #703837, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-15-3641 |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

### MEMORANDUM OPINION AND ORDER

The petitioner, Joe Earl Crowder (TDCJ #703837), has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) seeking relief under 28 U.S.C. § 2254 from a state court judgment of conviction. Crowder has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2). After considering the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

### I. Background

Crowder is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a 1995 conviction in Harris County cause number 665790. A jury in the 182nd District Court for Harris County, Texas, convicted Crowder of aggravated robbery and he was sentenced

to 45 years' imprisonment in that case. See Crowder v. State, No. 14-95-00178-CR (Tex. App. — Hous. [14th Dist.] July 17, 1997, pet. ref'd). The conviction was affirmed on direct appeal in an unpublished opinion. See id.

On December 8, 2015, Crowder executed the pending Petition, arguing that he is entitled to federal habeas corpus relief from his conviction in cause number 665790.[1] The Petition is difficult to decipher. According to a Declaration attached to the Petition, Crowder appears to contend that he is entitled to relief because the complaining witness gave false testimony against him at his trial.[2] Crowder also contends that he is entitled to immediate release from custody because he was previously granted relief in another federal habeas corpus proceeding in this district.[3]

Court records confirm that Crowder has filed a previous federal habeas corpus petition challenging the same conviction in cause number 665790. See Crowder v. Johnson, Civil No. H-11-4130 (S.D. Tex.). However, Crowder was not granted relief in that case. Instead, his petition was dismissed with prejudice as barred by the governing statute of limitations on February 6, 2013. See id. (Docket Entry No. 15). Crowder filed a notice of appeal, which the

---

[1]Petition, Docket Entry No. 1, pp. 2, 31.

[2]Petition, Docket Entry No. 1, pp. 6-7; Declaration, Docket Entry No. 1, p. 28.

[3]Petition, Docket Entry No. 1, pp. 6-7, 29; Declaration, Docket Entry No. 1, p. 28.

United States Court of Appeals for the Fifth Circuit dismissed because it too was untimely. See Crowder v. Cockrell, No. 13-20285 (5th Cir. July 11, 2013).

Crowder has filed three other federal habeas corpus actions to challenge his conviction in cause number 665790. Those actions were dismissed as successive applications that were filed without obtaining prior authorization from the Fifth Circuit as required by 28 U.S.C. § 2244(b). See Crowder v. Stephens, Civil No. 13-2550 (S.D. Tex. Sept. 4, 2014); Crowder v. Stephens, Civil No. H-14-1692 (S.D. Tex. June 25, 2014); Crowder v. Stephens, Civil No. H-15-0031 (S.D. Tex. Jan. 20, 2015). Crowder did not pursue an appeal in any of these cases.

## II. Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief. Before a second or successive application permitted by this section may be filed in the district court the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). To the extent that the pending Petition qualifies as a successive writ, the court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). A subsequent application is "second or successive" when it (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition" or (2) "otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Crowder's primary claim concerning the complaining witness who testified against him at trial is nearly identical to claims presented in his first federal habeas corpus proceeding.[4] Crowder has also claimed previously that he was granted relief because of a default judgment that he mistakenly believes was granted in his favor.[5] Thus, the pending Petition meets the second-or-successive criteria.[6]

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriguez v.

---

[4]Compare Petition, Docket Entry No. 1, pp. 6-7, with Petition, Docket Entry No. 1 in Civil No. H-11-4130, p. 7.

[5]Letters, Docket Entry Nos. 38, 40, 41 in Civil No. H-11-4130.

[6]Because this is the fifth federal habeas action filed by Crowder to challenge his 1995 conviction in cause number 665790, the pending Petition also qualifies as an abuse of the writ. See, e.g., Sanders v. United States, 83 S. Ct. 1068, 1078 (1963) ("Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation [or] to entertain collateral proceedings whose only purpose is to vex, harass, or delay.").

Johnson, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending Petition is successive, Crowder is required to seek authorization from the Fifth Circuit before this court can consider his application. See 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)). Crowder has not presented the requisite authorization. Absent such authorization this court lacks jurisdiction over the Petition. Id. at 775. Accordingly, to the extent that Crowder seeks relief from his conviction in Harris County cause number 665790 the Petition will be dismissed as an unauthorized successive writ.

Further, the court finds that Crowder has abused the writ by filing repeated successive habeas corpus applications without the requisite authorization from the Fifth Circuit. Crowder is warned that he may face sanctions, including monetary penalties, if he continues to abuse judicial resources by filing unauthorized successive applications. Crowder is further warned that he will be sanctioned in the amount of $50.00 if he files any motions or other pleadings which are found to be frivolous in this case and that this amount will increase incrementally if he continues to abuse judicial resources with repetitive, duplicative submissions.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For

reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the Petition in this case qualifies as a second or successive application. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Joe Earl Crowder (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of jurisdiction as an unauthorized successive application.

2. Crowder's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3. A certificate of appealability is **DENIED**.

4. Crowder is **WARNED** that he may face sanctions, including monetary penalties, if he continues to abuse judicial resources by filing unauthorized successive applications.

5. Crowder is further **WARNED** that he will be sanctioned $50.00 if he files any motions or other pleadings which are found to be frivolous in this case and that this amount will increase incrementally if he continues to abuse judicial resources with repetitive, duplicative submissions.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 18th day of December, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE